# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3865 | **DATE** | 6/15/2004 |
| **CASE TITLE** | Georgetta Dunham Hairston vs. Richard B. Cheney, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion, plaintiff's application to proceed *in forma pauperis* [3-1] and motion for appointment of counsel [4-1] are denied and the action is dismissed with prejudice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

04-3865.041-TCM                                          June 15, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GEORGETTA DUNHAM HAIRSTON,           )
                                     )
         Plaintiff,                  )
                                     )
    v.                               )
                                     )
RICHARD B. CHENEY, Vice President    )
of the United States, the CENTRAL    )    No. 04 C 3865
INTELLIGENCE AGENCY, the FEDERAL     )
BUREAU OF INVESTIGATION, the         )
NATIONAL AERONAUTICS AND SPACE       )
ADMINISTRATION, and the DEPARTMENT   )
OF DEFENSE,                          )
                                     )
         Defendants.                 )

DOCKETED
JUN 16 2004

## MEMORANDUM OPINION

Before the court are plaintiff's application to proceed *in forma pauperis* and motion for the appointment of counsel. For the reasons set forth below, both are denied, and the complaint is dismissed *sua sponte*.

## DISCUSSION

*Pro se* plaintiff Georgetta Hairston brings this action against Vice President Richard Cheney, the Central Intelligence Agency, the Federal Bureau of Investigation, the National Aeronautics and Space Administration, and the Department of Defense. The complaint alleges, in the most general terms, that defendants have violated plaintiff's "civil rights." Along with her complaint, plaintiff has filed an application to proceed *in*


*forma pauperis* ("IFP") and a motion for appointment of counsel. We first consider plaintiff's IFP application.

The federal IFP statute, codified at 28 U.S.C. § 1915, is designed to provide indigent litigants meaningful access to the courts. See Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Under the statute, an IFP petitioner must submit an affidavit that demonstrates an inability to pay the required court fees and costs. See 28 U.S.C. § 1915(a)(1). According to plaintiff's affidavit, she is not currently working. She was last employed in October 2002 in an unspecified part-time capacity at "Westside Holistic Family Services" in Chicago. Her salary was $800 per month. Plaintiff currently has no income, savings, real property, automobile, or any other valuable assets (excluding ordinary household furnishings and clothing). On these facts, plaintiff has demonstrated her inability to pay court costs.

Our section 1915 inquiry, however, does not end with a finding of indigency. To prevent abuse of the broad access afforded by the statute, we also conduct an initial review of the complaint and will dismiss the action if we determine that it: (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Where, as here, we are reviewing a complaint filed *pro se*, we are mindful of our special responsibility to construe its allegations liberally.

See Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996).

The complaint before us consists of thirty-four "counts" (each a one-sentence paragraph) which, taken together, provide a narrative of various "experiments" conducted by defendants on plaintiff's body. For example, the complaint states that defendants "inserted [a] camera inside plaintiff," and, in a separate allegation, that defendants "conducted cosmic and weight gain and loss experiments to plaintiff's person." The complaint alleges that these and other "experiments" violated plaintiff's "civil rights." Plaintiff seeks damages and an injunction requiring defendants to "immediately stop[] all experiments."

The Supreme Court has made clear that the IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless." Neitzke, 490 U.S. at 325. "Clearly baseless" allegations include those that are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). The allegations in this complaint -- even under the very liberal reading we accord *pro se* pleadings (and indeed, even if plaintiff herself believes them) - can only be described as delusional and fantastic. Accordingly, the complaint

must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's petition to proceed IFP and her motion for appointment of counsel are therefore denied. Finally, because the complaint is devoid of any basis in law or fact, a defect which cannot be cured by amendment, the dismissal is with prejudice.

DATE: June 15, 2004

ENTER: _____
John F. Grady, United States District Judge